# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 95 C 3507 | **DATE** | 8/15/2000 |
| **CASE TITLE** | Felix Ichile vs. City of Chicago | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. These rulings have put the case into a posture for an early trial. This Court's minute clerk will follow up on that subject with counsel for the parties.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | AUG 16 2000 | |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | | 134 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 8/15/2000 | |
| SN | courtroom deputy's initials | ED-7 FILED FOR DOCKETING 00 AUG 15 PM 2: 21 date mailed notice SN | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FELIX ICHILE,                    )
                                 )
            Plaintiff,           )
                                 )
      v.                         )   No. 95 C 3507
                                 )
CITY OF CHICAGO,                 )
                                 )
            Defendant.           )

MEMORANDUM OPINION AND ORDER

This employment discrimination action by Felix Ichile ("Ichile") against the City of Chicago ("City")--by some considerable margin the oldest case on this Court's calendar--was inherited very late last year by reassignment from the calendar of a former colleague. Thereafter this Court brought the case to the Final Pretrial Order ("FPTO") stage of readiness for trial. City's motions in limine filed as FPTO App. M are now the only matters standing in the way of an immediate setting for trial. This memorandum opinion and order addresses those motions.

### Allegations of Discriminatory Events
### More Than 300 Days Before EEOC Filing

Here City seeks reconsideration of this Court's June 1, 2000 without-prejudice denial of a like motion in limine. Although City does not quarrel (as it really could not) with this Court's ruling that evidence of discriminatory activity that antedated the statutory 300-day rule may be admissible for such purposes as demonstrating City's discriminatory <u>intent</u> (and this is only exemplary, not all-inclusive), City urges once again that such

evidence may not be introduced under a theory of continuing violation.

To begin with, evidence is evidence--once in, it may be considered by the factfinder fully except to the extent of any limiting instructions. In this instance City has obviously misunderstood this Court's ruling. This Court is of course well aware of the limited scope of the continuing violation theory in this Circuit (a view that is not universally held, with the Court of Appeals for the Second Circuit providing one example of which this Court is aware that holds a much less restrictive view). And this Court of course fully intends to adhere to Seventh Circuit law in that respect at trial.[1]

But the thrust of this Court's earlier ruling was simply that until it has the opportunity to address the evidence in the trial matrix, this Court cannot know in advance whether Ichile will or will not be able to bring himself under the rubric of the Seventh Circuit's version of the continuing violation theory. That remains to be seen. Accordingly City's motion for reconsideration on this score is denied.

---

[1] In addition to engaging in three indiscreet uses of "discreet" rather than "discrete" where the latter term is called for, Ichile's counsel has provided a response that does not really support the admissibility of otherwise time-barred activity on any basis other than that contemplated by this opinion.

## Evidence of Previously-Dismissed Claims

What has been said in the preceding section pretty well controls this motion as well. Although this Court has held certain stale claims that Ichile had advanced were barred by limitations, that was not at all the equivalent of finding inadmissible the facts underpinning such claims. Once again such evidence may well be probative, for example, of City's discriminatory intent.

In this instance City's blanket objection to the introduction of Ichile's evaluations for earlier years--evaluations other than those that are properly in issue in conjunction with viable claims--is also rejected. Individual offerings on that subject will also be dealt with at the time of trial.

## Ichile's Medical or Psychological Conditions

Once more the parties are operating at cross-purposes. Here in its totality is Ichile's response to City's motion:

> Plaintiff, even as a lay witness, can testify as to how certain actions on the part of Defendant caused him to feel. Plaintiff can testify as to his pain, his state of mind, and mental and emotional well being or condition. This is clearly within Plaintiff's competency to give testimony.

That statement is unexceptionable but for its inclusion of "mental and emotional well being or condition," which sounds like the impermissible type of self-diagnosis barred by such cases as Walker v. Shansky, 28 F.3d 666, 672 (7th Cir. 1994). City's

3

motion is granted except to the extent that Ichile has thus marked out a permissible area for his own testimony.[2]

Conclusion

These rulings have put the case into a posture for an early trial. This Court's minute clerk will follow up on that subject with counsel for the parties.

Milton I. Shadur
Senior United States District Judge

Date: August 14, 2000

---

[2] Needless to say, City's counsel will be free to cross-examine Ichile to establish such matters as his failure to seek or obtain professional help, just as City's counsel will be free to urge that the factfinder should discredit Ichile's testimony on that or any other legitimate ground.

4